UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 21ST CENTURY COMMUNITIES, INC., a Nevada Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>MUZLINK, LLC, a California Limited Liability Company,<br><br>  Defendant. | 2:09-cv-02458-LDG-RJJ<br><br>**ORDER** |

      Plaintiff, 21ST Century Communities, Inc., a Nevada Corporation, has brought an action against Muzlink, LLC, a California Limited Liability Company, alleging five claims for relief including (1) Breach of Loan Agreement; (2) Breach of Participation Agreement; (3) Breach of Promissory Note; (4) Breach of Covenants of Good Faith and Fair Dealing; and (5) Monies Due and Owing. Muzlink moves to dismiss the complaint (#4, opposition #7, reply #9, surreply #11) on the grounds that the court lacks personal jurisdiction.

      Generally, the plaintiff bears the burden of proving by a preponderance of evidence to establish that the court has personal jurisdiction over a non-resident defendant; however, in the absence of an evidentiary hearing, the plaintiff must only make a "prima facie showing of facts supporting jurisdiction." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d

1114, 1119 (9th Cir. 2002). In determining jurisdiction, the court may consider written submissions by the parties including deposition transcripts, declarations, and other evidence. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir. 1995).

The court applies a two-part test to determine whether it has personal jurisdiction over a non-resident defendant. *Greenspun v. Del E. Webb, Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980). First, the state's long-arm statute must confer personal jurisdiction over the non-resident. Second, the exercise of the statute must be consistent with federal due process.

I.   *Nevada's Long-Arm Statute*

Pursuant to Fed. R. Civ. P. 4(e), federal district courts have personal jurisdiction over non-resident defendants that fall within reach of the state's long-arm statute. Nevada's long-arm statute provides that "a court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of the United States." Nev. Rev. Stat. 14.065. Therefore, in Nevada the two elements establishing personal jurisdiction are essentially treated as one, leaving the court to decide whether the application of the statute falls within the requirements of federal constitutional due process.

II.   *Federal Due Process*

Federal due process requires that if a defendant is not present within the territory of a forum, the defendant must have certain minimum contacts with the forum. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In order to determine whether a defendant has sufficient contacts with a forum, the court may exercise general or specific jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).

A court may exercise general jurisdiction when the defendant has such continuous and systematic contacts with the forum to constitute an approximate presence in the forum. *Reebok Intern. Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995). The parties do not take a position as to the court's exercise of general jurisdiction over Muzlink.

A court may also exercise specific jurisdiction over a non-resident if the defendant's contacts give rise to the cause of action being asserted. *Reebok,* 49 F.3d at 1391. To determine whether specific jurisdiction comports with federal due process, the courts use a three-part test: (1) the non-resident defendant must have performed some act or consummated some transaction that would purposely avail itself of the privilege of conducting business in the forum state; (2) the plaintiff's claim must have arisen out of the results of the defendant's forum-related activity; and (3) the exercise of such jurisdiction is reasonable. *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Here, the court finds that Muzlink has purposely availed itself of the privilege of conducting business in Nevada. Muzlink entered Nevada for the purpose of conducting a business meeting with potential investors. Among those in attendance at the meeting was 21ST Century president, Barry Cohen. The evidence establishes that this meeting played a significant role in the negotiations between the two parties in regard to forming a business relationship that would ultimately lead to the claims for relief sought by the plaintiff. *See Sage Computer Technology v. P-Code Distributing Corp.*, 576 F. Supp. 1194, 1197 (D. Nev. 1983).

Furthermore, after the meeting in Nevada, Muzlink continued to contact 21ST Century in Nevada through e-mails and phone calls soliciting investments and future business. Out of these contacts arose the Loan Agreement, the Promissory Note, and the Participation Agreement. The alleged breach of these documents forms the basis of the claims contained in 21ST Century's complaint.

III.   *Transfer of Venue*

Muzlink has also moved to transfer this matter to the United States District Court for the Central District of California. The court may transfer any civil action to another district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000). 21ST Century argues

3

that Muzlink has not met its burden of showing that the venue would be proper, nor that the transfer of venue is justified by the convenience of the parties and witnesses. A court may balance the choice of forum by the plaintiff and the inconvenience of litigation in the forum, but the burden is on the defendant "to make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

In determining the convenience of litigation in the forum, a court may weigh multiple factors including (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Id.* at 498-99.

Muzlink argues that litigation in Nevada would be inconvenient because both the business and its managers reside in California. However, the California venues would be no more convenient for the witnesses and other parties involved.

Muzlink also contends that 21ST Century signed a choice of law clause requiring that any disputes be governed by California law. However, the document containing the alleged choice of law clause is a separate and distinct agreement from those upon which 21ST Century's action is based. Furthermore, the document at issue is signed by Mr. Cohen in his individual capacity, rather than on behalf of 21ST Century. For the reasons stated herein,

THE COURT HEREBY ORDERS that defendant's motion to dismiss and request to transfer this matter to the United States District Court for the Central District of California (#4) are DENIED.

Dated this ___9___ day of July, 2010.

_____
Lloyd D. George
United States District Judge

5