1   Michael J. Lemcool
    Nevada Bar No. 7061
2   Christopher W. Mixson, Esq.
    Nev. Bar No. 10685
3   **WOLF, RIFKIN, SHAPIRO & SCHULMAN, LLP**
    3556 E. Russell Road, Second Floor
4   Las Vegas, Nevada 89120
    (702) 341-5200/Fax: (702) 341-5300
5   mlemcool@wrslawyers.com
    cmixson@wrslawyers.com
6
7   *Attorneys for Defendant Muzlink, LLC*

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10  21ST CENTURY COMMUNITIES, INC., a          Case No. 2:09-cv-2458
    Nevada Corporation,
11
                    Plaintiff,
12                                             **STIPULATED PROTECTIVE ORDER
                                                  AND CONFIDENTIALITY
13  vs.                                              AGREEMENT**

14  MUZLINK, LLC, a California Limited
    Liability Company; DOES I through X; and
15  ROE CORPORATIONS I through X,
    inclusive,
16
                    Defendants.
17

18          The parties hereto, through their counsel of record and otherwise, stipulate and agree that,

19  pursuant to Fed. R. Civ. Proc. 26(c), the following confidentiality agreement and protective order

20  shall be entered based on the following understandings:

21          A.      The parties to this case are engaged in discovery that has or will include the

22  production of documents, answering of written interrogatories, responding to requests for

23  admission and the taking of depositions;

24          B.      Discovery may involve the disclosure of materials containing confidential and

25  nonpublic personal or private information; and

26          C.      Discovery should be permitted to proceed without delay occasioned by disputes

27  regarding the confidential and/or proprietary nature and uses of the confidential information.

28

ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:

1.     The parties may, after a good faith determination, designate any document, portion of a document, or information produced by them as "CONFIDENTIAL" by stamping the document or information to that effect prior to production, or within a reasonable time thereafter, but no longer than thirty (30) days thereafter, unless good cause shown, notifying all other parties in writing that documents or information are designated as "CONFIDENTIAL."  No copy of any such confidential material shall be made except to the extent necessary for the preparation of each party's case in this action.  Any copy made of confidential material shall have the same status as the original.

2.     "CONFIDENTIAL" information is defined as information from the producing party that is not publicly available, is commercially sensitive (e.g., trade secrets, financial records, financial data, and financial information), or which is likely to contain nonpublic personal or private information (e.g., social security numbers, drivers' license numbers, tax returns, account numbers, account balances, bank statements, and account applications).  Except as set forth below in paragraph 6, confidential information, including the substance or content of the same, is not to be disclosed to any person or entity other than the parties, their counsel of record, employees of counsel, consultants, experts and/or persons subject to deposition in this matter, all of whom are bound by the terms of this Order.

3.     A party may designate a document as "CONFIDENTIAL" after such document has been produced to another party in the course of this action by noticing each party of the retroactive designation.

4.     Deposition testimony may be designated "CONFIDENTIAL" in whole or in part at the time of the deposition or within ten business days after receipt of the written transcript. Until that time, all deposition testimony, including video tape of deposition testimony, shall be treated as confidential to permit counsel for the party deposed an opportunity to designate the deposition testimony as "CONFIDENTIAL."  Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed

except as provided herein and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such reporter.

5.   All documents or information produced by third-parties in response to subpoenas shall be treated as "CONFIDENTIAL" for a period of 60 days after it is received to allow the parties time to evaluate the information.  Within the 60-day period, any party may designate any such third-party material as "CONFIDENTIAL" by so notifying the other parties of this designation in writing and setting forth the basis thereof.

6.   Unless otherwise agreed upon by the parties, or ordered by the Court, any confidential material required to be submitted or presented to or filed with the Court (e.g., as exhibits to Declarations or Affidavits) shall be placed under seal, following the filing and granting of an appropriate motion seeking such relief, and not made available to persons other than the Court and persons authorized by this Order.

7.   Documents stamped "CONFIDENTIAL" or any other information or materials so designated shall not be used for any purpose other than the defense or prosecution of this action in accordance with the provisions of this Order and shall not be discussed or disclosed to any person except as specifically authorized by this Order.  All documents, deposition testimony, or other material subject to this Order shall not be used, directly or indirectly, by any party for any business, commercial, or competitive purpose whatsoever.

8.   Confidential information shall be disclosed only to:

(a)   The Court, its staff and the designated document repository in this case and in any appeal therefrom;

(b)   The jury in this case (if this case goes to trial);

( c)   The named parties in this litigation;

(d)   Counsel of record for the parties in this case, and other partners, associates, secretaries, paralegals, legal assistants, and other personnel of their respective law firms who are working under the supervision of said counsel and assisting such counsel in this action;

(e)   Any independent contractors, such as attorneys, paralegals, secretaries, and legal assistants who are not members, shareholders, or employees of the law firms of counsel of record but who have been hired or retained by

counsel of record and are working under the supervision of counsel of record and are actively engaged in assisting such counsel in this action;

(f)     Outside consultants, technical advisors, fact witnesses, and expert witnesses and consultants (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

(g)     Any insurance company adjuster(s) or representative(s) working with any counsel in connection with this action; and

(h)     Any other person or entity as to whom counsel for the producer or provider of the confidential information agrees in writing, or as to whom the Court directs, to be provided access to that information.

9.      Disclosure of any confidential information to persons described in subparagraphs 8(e), 8(f), 8(g), and 8(h) of this Order shall be solely for evaluation, testing, testimony, preparation for trial, or other services or purposes directly related to this litigation.  All such persons shall sign a document in the form of Exhibit A attached hereto, stating that they have read and understand this Order and agree to be bound by its terms.  Counsel must retain such executed agreements in their offices.

10.     This Order shall be without prejudice to the right of the parties or other persons to: (a) bring before the Court at any time the question of whether any particular document or information is confidential, or whether its use should be confidential, or (b) present a motion to the Court under Fed. R. Civ. P. 26(c) to compel information or for a separate protective order as to any particular document or information, including restrictions differing from those specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for relief or modification of this Order.

11.     A party or other person objecting to the designation of confidential information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection.  The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection.  If such conference does not resolve the objection, either the party objecting to the "CONFIDENTIAL" designation, the designating party, or any other affected party, may file a motion seeking judicial intervention as to whether the "CONFIDENTIAL" designation shall remain in place.  Pending determination by the Court, material designated by a party as "CONFIDENTIAL" shall be treated as provided in this Order.

12.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential information as it deems appropriate.

13.     In the event of a disclosure of confidential documents or materials to a person or entity not authorized to have had such disclosure made to him,  her, or it under the provisions of this Order, the party responsible for having made such disclosure shall immediately procure the return of the material and immediately inform counsel for the designating party whose confidential information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure.  The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the confidential information occurs therefrom.

14.     The parties hereto agree that the rights and privileges with respect to the disclosure of confidential information pursuant to this Order and agreement are of a special, unique, and extraordinary character, which gives such confidential information a peculiar value, the loss of which cannot be reasonably or adequately compensated in damages in any action at law, and that a breach by a party, person, or entity subject to this Order will cause the non-breaching party great and irreparable injury and damage.  The parties therefore expressly agree that the non-breaching party shall be entitled to the remedies of injunction, specific performance, and other equitable relief to prevent a breach of the agreement underlying this Order.  Nothing herein shall be construed as a waiver of any other rights or remedies which the non-breaching party may have for damages or otherwise.

15.     The inadvertent production of any privileged or attorney work product documents shall be without prejudice to any claims that the document is privileged and shall constitute neither a waiver of any privilege or work product that may otherwise attach thereto, nor a general waiver of such privilege or work product.  Upon demand of the producing party, all copies of any inadvertently-produced documents shall be immediately returned forthwith and such documents shall not be introduced into evidence or subject to production in this or any other proceeding.

16. Within sixty (60) days after the final disposition of all claims and defenses by settlement or expiration of time to appeal, and upon request, all documents designated "CONFIDENTIAL," including any reproductions of such documents, shall be returned to the designating party who produced the confidential documents or information. The provisions of this Order shall continue to be binding and remain in full force and effect after the conclusion of this lawsuit.

17. Nothing in this Order shall prevent any party from objecting to discovery that it believes is improper and moving the Court for an Order thereon.

18. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action so as to avoid the need for unnecessary judicial intervention. Nothing in this Order shall have any effect in any other litigation or proceeding, and nothing in this Order shall be construed as requiring the disclosure of documents or information that any party reasonably believes is not subject to disclosure or discovery pursuant to prevailing law, the rules of evidence, and/or the rules of procedure.

19. The filing and entry of this Order shall not constitute an admission or waiver of any rights under any applicable law, court rules, or both.

20. The terms of this Order shall be binding on the parties, their attorneys, and all persons designated in this Order.

///
///
///
///
///
///
///
///
///
///

STIPULATED AND AGREED:

Dated this 12th day of October, 2010.

**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**

Dated this 12th day of October, 2010

**GREENBERG TRAURIG, LLP**

_/s/ Christopher Mixson_____
Michael J. Lemcool, Esq.
Nev. Bar No. 7061
Christopher W. Mixson, Esq.
Nev. Bar No. 10685
3556 East Russell Rd.
2nd Floor
Las Vegas, NV 89120
Ph: (702) 341-5200
Fx: (702) 341-5300
mlemcool@wrslawyers.com
cmixson@wrslawyers.com
*Attorneys for Defendant Muzlink, LLC*

_/s/   Kara Hendricks (with consent)___
Mark E. Ferrario
Nev. Bar No. 1625
Kara B. Hendricks
Nev. Bar No. 7743
3773 Howard Hughes Pkwy.
Suite 400 North
Las Vegas, NV 89169
Ph: (702) 792-3773
Fx: (702) 792-9002
ferrariom@gtlaw.com
hendricksk@gtlaw.com
*Attorneys for Plaintiff
21st Century Communities, Inc.*

Submitted by:

_/s/ Christopher Mixson_____
Michael J. Lemcool, Esq.
Nev. Bar No. 7061
Christopher W. Mixson, Esq.
Nev. Bar No. 10685
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
*Attorneys for Defendant Muzlink, LLC*

IT IS SO ORDERED.

DATED this 15th day of ___Oct.___, 2010.

_____
Magistrate Judge Robert J. Johnston

**EXHIBIT A**

**<u>AGREEMENT TO BE BOUND BY ORDER</u>**

I have read the Protective Order in the above-captioned case.  I understand the terms of the Order, I agree to be fully bound by the terms of the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcement of the Order.

Date:_____     Signature:_____

Signatory's Name, Business Affiliation, and Business Address:

_____

_____

_____

Signatory's Residential Address:

_____

_____

_____