Wayne Williams, pro per
Phillip Bradley Parker, pro per
15423 Sutton Street
Sherman Oaks, CA  91403
(818) 905-8097

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| 21ST CENTURY COMMUNITIES, INC., a Nevada Corporation,<br>Plaintiff,<br><br>vs.<br><br>MUZLINK, LLC, a California Limited Liability Company; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants | Case No 2:09-cv-02458-LDG-VDF<br><br>Opposition by Wayne Williams and Phillip Bradley Parker to Plaintiff's Motion for Leave to Amend the Complaint |

Plaintiff, 21st Century Communities, a Nevada LLC owned and operated by Barry Cohen, has filed the instant Motion to Amend the Complaint to add Wayne Williams and Phillip Bradley (Brad) Parker as Defendants.  It is unlikely the named Defendant, Muzlink, LLC will respond to this Motion.  Upon information and belief, Muzlink is currently owned directly by Barry Cohen or through a company owned and operated by Barry Cohen, who is the Plaintiff in this case.

Although not named in the instant matter, Wayne Williams and Brad Parker (hereinafter collectively referred to as "The Individuals") ask leave to appear before this Court on their own behalf, without the benefit of counsel, for the specific purpose to respectfully request this Court to Deny Plaintiff's renewed Motion to Amend the Complaint. "The Individuals" support this request with the record currently on file, including, but not limited to, Defendant's Response to

1

this Motion to Amend when previously filed and denied (Doc 29, incorporated by reference as though fully set forth herein), and for the further reason that this debt has been fully discharged in bankruptcy by the United States Bankruptcy Court, Central District of California, San Fernando Valley Division, Case #1:11-BK-15260-MT. At all times material hereto, Williams and Parker dealt with Plaintiffs Barry Cohen and 21st Century only in their capacity as officers and managers of Muzlink, LLC, a California Limited Liability Company. "The Individuals" have **no** personal liability under the terms of the Loan Agreement, Promissory Note or Participation Agreement attached to Plaintiff's Motion as Exhibits 1, 2 and 3. Plaintiff's attempt to amend the Complaint is simply for the purposes of harassment and is an abuse of process.

For the reasons set forth in the attached Memorandum, as well as those set forth in the previous opposition to the original Motion, "The Individuals" again request that this Court deny Plaintiff's Motion to Amend the Complaint.

Respectfully submitted this 10th day of June, 2013, by Wayne Williams and Phillip Bradley Parker.

*Wayne Williams*
Wayne Williams

*Phillip Bradley Parker*
Phillip Bradley Parker

## Memorandum of Points and Authorities

## STATEMENT OF RELEVANT FACTS

In 2006 Williams and Parker established a California Limited Liability Company known as Muzlink, LLC to create a web based music community for the benefit of musicians to connect them with their audience, provide various forums and increase their music sales. Similar to most start-up companies, Muzlink, LLC solicited funding from various sources, including family members and friends.

Barry Cohen, owner and operator of Plaintiff, 21st Century, is a sophisticated investor. After review of all Muzlink documents Plaintiff considered necessary and relevant, and after conversations with Williams and Parker as managers of Muzlink, LLC., he elected to invest in the company. He also offered a loan to Muzlink, LLC and prepared the necessary paperwork for execution by Williams and Parker, not in their individual capacities, but on behalf of and as managers of Muzlink, LLC.

Barry Cohen is also Wayne Williams' first cousin. It is believed that this attempt to amend the complaint is a personal vendetta and is not supported by the facts or the law. Plaintiffs' lawsuit against Muzlink, LLC necessitated the bankruptcy of Muzlink, LLC. Upon information and belief, Barry Cohen purchased the company in the bankruptcy proceedings for a mere pittance of $25,000, obtaining a complete release of any claims by Muzlink, LLC against Cohen or his company, 21st Century. Cohen's actions have already cost Williams not only his business and his personal investments into Muzlink in excess of $200,000, but the six years of his life he worked tirelessly, without compensation, to bring the company to profitability. Parker suffered similar losses. Cohen forced this result when, after vigorous and costly litigation, a

mandatory settlement conference held before United State Magistrate Judge Robert J. Johnson on April 22, 2011 failed to result in a resolution. At that time, Judge Johnson advised Williams that this was a personal vendetta and Cohen refused to participate in good faith negotiations. Clearly the Courts are not intended as a place for personal vendettas and Plaintiff's request to amend should not be granted.

## PERTINENT LOAN DOCUMENTS

Plaintiff, in furtherance of a personal vendetta against Williams, is attempting to establish a personal liability despite the fact the loan in question was by and between 21st Century and Muzlink, LLC only. A review of the relevant documents leaves no doubt as to the futility of Plaintiff's Request for Leave to Amend his Complaint to seek personal liability of "The Individuals".

The **LOAN AGREEMENT**, prepared by Cohen, and attached as Exhibit 1 in Plaintiff's motion, is between Muzlink, LLC and 21st Century only. Williams and Parker are not personal signatories to the Loan.

The LOAN AGREEMENT states at the first paragraph:

> THIS LOAN AGREEMENT is made as of September 15, 2008, by and between Muzlink, LLC., a California limited liability company, with an address of 15423 Sutton Street, Sherman Oaks, California 91403-3809 (*Borrower*) and 21st Century Communities, Inc. a Nevada corporation with an address of 1350 East Flamingo Road, Suite 562 Las Vegas, Nevada 89119 (*Lender*).

Paragraph 1.3 states:

> **1.3 Personal Liability. Lender acknowledges and agrees that only Borrower is liable, and confirms that the mangers and members of Borrower are not liable, for the Loan and the obligations under this Agreement and Note.**
> (Emphasis added)

4

Paragraph 6.8 establishes that California, not Nevada, is the appropriate Jurisdiction for this action as well as providing the governing law.

> 6.8 <u>Choice of Law and Jurisdiction</u>. This Agreement and the rights and obligations of the parties hereunder shall be construed and interpreted in accordance with the laws of the State of California.

The **PROMISSORY NOTE,** also prepared by Cohen, obligates only Muzlink, LLC. and not Williams and/or Parker. As stated previously, the debt has been discharged in bankruptcy due to these proceedings. Muzlink, LLC is now believed to be owned by a Barry Cohen company. As can be seen from Exhibit 2 of Plaintiff's renewed Motion, the Promissory Note obligates Muzlink, LLC only, and not "The Individuals", wherein it states in the opening paragraph:

> FOR VALUE RECEIVED, Muzlink LLC., a California limited liability company (*Maker*), with an address of 15423 Sutton Street, Sherman Oaks, California 91403-3908 hereby promises to pay 21st Century Communities Inc (*Payee*)...

According to 1.2 repayment of the Loan was not expected until September 15, 2011. Unfortunately, the filing of this frivolous lawsuit on December 4, 2009, almost two years prior to the Note coming due, resulted in a loss to all parties when the expense and business interruption caused by this meritless and untimely action bankrupted the company.

> 1.2 Maker shall pay to Payee an amount equal to all outstanding principal and accrued interest, together with any other sums due under this Note September 15, 2011.

The PROMISSORY NOTE, like the LOAN AGREEMENT, provides for Jurisdiction and Choice of Law to be that of the State of California. See paragraph 8.

5

California law specifically states that the limited liability company, not the principals, is responsible for the debts of the corporation.

## OTHER PERTINENT DOCUMENT

The **PARTICIPATION AGREEMENT** referenced in Plaintiff's amended complaint, and attached to Plaintiff's motion as Exhibit 3, was executed at or around the same time as the Loan Agreement and Promissory Note. The purpose of the PARTICIPATION AGREEMENT was primarily to recognize that 21st Century was to participate as a funding facilitator for Muzlink, whereby Mr. Cohen on behalf of 21st Century would arrange for investment meetings between Muzlink management and other investors.

Mr. Cohen represented to Muzlink that he had relationships with many high net worth individuals and that he could contact them to arrange meetings for Muzlink to be presented as an investment opportunity. If any of the meetings arranged by 21st Century resulted in a minimum investment or sale of Muzlink in an aggregate of at least $2 million dollars ("funding/sale transaction"), 21st Century would receive up to 20% of the Managers' profit interest in the form of dilutable shares in Muzlink.

Since the PARTICIPATION AGREEMENT required the transfer of the personal assets of Williams and Parker if 21st Century secured the financing outlined above, Williams and Parker signed the Participation Agreement as managers of Muzlink for all Muzlink related obligations, and individually solely to create the contracted agreement for the 20% transfer should 21st Century perform as stated in the Agreement.

The PARTICIPATION AGREEMENT is clear and unambiguous that the repayment of the loan by 21st Century was the obligation only of Muzlink LLC and not the personal

responsibility of Williams and/or Parker. **The critical paragraph, omitted from Plaintiff's Amended Complaint, reads as follows:**

> Section 1. ADDITIONAL FUNDING OR SALE OF THE COMPANY'S BUSINESS
>
> 1.4.   Cooperation. The Company and each Manager covenants and agrees that it will fully cooperate with the Investor, and take all reasonable actions necessary or appropriate to ensure that the Company will be able to close Funding and/or Sale Transactions, as may be required to further the Company's business; ***provided that the Managers will not be required to guaranty or otherwise shall not be required to have any personal liability for any loans (including the Bridge Financing)***. (Emphasis added)

## CONCLUSION

Plaintiff seeks to Amend the Complaint to allege personal liability of Williams and Parker for a business transaction that involved two LLCs. The Plaintiff did not recover the $180,000, which formed the basis for this lawsuit. This debt was discharged in bankruptcy and no longer exists. Rather, Cohen ended up with Muzlink, LLC, a company, which, according to the documents on file with this Court, Barry Cohen valued at more than $2,000,000. Under the Participation Agreement, Plaintiff agreed to assist the company in obtaining financing up to $2,000,000. Instead of raising a dime for the company, he sued the company, forcing it into bankruptcy, and then bought it out of bankruptcy for $25,000. See paragraph 1.1:

> 1.1 Qualifying Transactions. The Investor {21$^{st}$ Century Communities} will assist in identifying and facilitating (a) one or more transactions that provide the Company gross funds in an aggregate amount up to two million dollars ($2,000,000), including, but not limited to funds obtained from loans (including the Bridge Financing) and investments in the Company or the Company's business, including transactions involving angel investors, venture capital investors and joint venture partners (a *"Funding Transaction"*)

It is time for this litigation to come to an end. The new theories that Plaintiff seeks to insert against new Defendants are unsupported and futile for the reasons stated above and more

7

fully set forth in Muzlink's prior Response to Plaintiff's Motion for Leave to Amend. These new theories against these new Defendants do not relate back to the suit against Muzlink LLC on the Loan Agreement, Promissory Note and Participation Agreement – that matter was fully resolved in the bankruptcy. The attempted Amendment is in bad faith, asserts futile claims and would greatly prejudice "The Individuals".

It is, therefore, respectfully requested this Court deny Plaintiff's Motion to Amend the Complaint.

RESPECTFULLY SUBMITTED, this 10th day of June, 2013.

*[signature]*
Wayne Williams

*[signature]*
Phillip Bradley Parker

A copy of the foregoing was
Mailed the 10th day of June, 2013 to:
Mark E. Ferrario, Esq.
Kara B. Hendricks, Esq.
Greenberg Traurig, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV  89169





U.S. POSTAGE PAID ENCINO CA 91316 JUN 10, 13 AMOUNT $6.77 00057004-11

7012 2920 0001 9924 5131

X-RAYED U.S. MARSHALS SERVICE

Parker - Williams
PO Box 261931
Encino CA 91316

United States District Court
District of Nevada (Las Vegas)
Judge Lloyd D. George
Magistrate Judge Cam Ferenbach
333 S. Las Vegas Blvd.
Las Vegas, NV 89101