# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| 21ST CENTURY COMMUNITIES, a Nevada Corporation,<br><br>                  Plaintiff,<br><br>vs.<br><br>MUZLINK, LLC, a California Limited Liability Company, PHILLIP BRADLEY PARKER, a California Resident, WAYNE WILLIAMS, a California President, DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive.,<br><br>                  Defendants. | 2:09–cv–2458–LDG–VCF<br><br>**<u>ORDER</u>** |

Before the court is Defendants Wayne Williams' and Phillip Bradley Parker's motion to extend time to comply with Rule 26 (#80) and Plaintiff 21st Century Communities' proposed discovery plan and scheduling order (#81), 21st Century's response to Defendants' motion to extend time (#83), and Defendants' reply to 21st Century's response (#85).

In deciding whether to stay discovery, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii). A party

1

seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (citing *Blankenship v. Hearst Corp*. 519 F.2d 418, 429 (9th Cir. 1975)). Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S*., 742 F.2d 561, 562 (9th Cir. 1984). "In the exercise of a sound discretion it may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same." *See American Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937).

Plaintiff and defendants in this case are involved in a state court case in California containing substantially the same plaintiffs, defendants, and causes of action. Demurrers are pending in the California case which may prevent the parties from engaging in discovery in that case. Federal Rule of Civil Procedure 26(b)(2)(C)(i) provides that when discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," the court must limit the extent of discovery. Fed. R. Civ. P. 26(b)(2)(C)(i). Here, if the California case goes forward, the scope of discovery in this case will be a subset of the scope of discovery in the California case. A short stay of discovery in this case is appropriate to avoid duplication of effort and unnecessary expense. Therefore, the court finds that it is appropriate to issue a stay of discovery, pending the outcome of the demurrer and the commencement of discovery in the California case.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants Wayne Williams' and Phillip Bradley Parker's motion to extend time to comply with Rule 26 (#80) is GRANTED in part and DENIED in part. Discovery will not be stayed until Defendants' Motion to Dismiss is decided; however, discovery will be STAYED for 90 days from the date of this order.

IT IS FURTHER ORDERED that the parties must attend a STATUS HEARING at 10:00AM on September 25, 2014, in Courtroom 3D.[1]

---

[1] On timely motion, the court will consider permitting attendance of the defendants by telephone.

1    IT IS FURTHER ORDERED that plaintiff and defendants must prepare separate STATUS REPORTS regarding the state court proceedings in California and file them by September 11, 2014. No responses will be necessary.

IT IS SO ORDERED.

DATED this 26th day of June, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE