# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

21ST CENTURY COMMUNITIES, INC.,
a Nevada Corporation,

    Plaintiff,

v.

MUZLINK, LLC, a California Limited
Liability Company;

    Defendants.

Case No. 2:09-cv-02458-LDG-VDF

**ORDER**

The plaintiff, 21st Century Communities, Inc. (21st Century) alleges that defendant Muzlink, LLC (Muzlink), Wayne Williams (Williams), and Phillip Bradley Parker (Parker) breached a loan agreement in which they agreed to allow 21st Century to be involved with decision making and are in default for repayment of loans. ECF No. 1. Defendants Williams and Parker move for summary judgment on two separate grounds. ECF No. 106. First, they argue that a choice of forum clause existed in Muzlink's operating agreement designating California as the proper forum for lawsuits. Second, they assert that the matter was already litigated in California and res judicata precludes further suits. The Court will deny the motion.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the

moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.,* at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

Background

21st Century commenced this suit in state court against Muzlink on December 10, 2009. Muzlink removed this matter to this Court on December 31, 2009. In January 2011, 21st Century moved to amend the complaint seeking, in part, to add Williams and Parker as individual defendants. Following Muzlink's subsequent Notice of Automatic Stay and Filing of Petition under Chapter 11 of the Bankruptcy Code in April 2011, the Court denied the motion to amend without prejudice. After the bankruptcy stay was lifted, 21st Century renewed its motion to amend the complaint, which the Court granted in March 2014.

Meanwhile, on August 30, 2013, 21st Century and other persons commenced an action against Williams and Parker in California state court. The California defendants sought dismissal of all California claims as barred by the statute of limitations. The California court conducted a bifurcated trial, the first phase of which addressed whether the claims were barred by the statute of limitations. Ultimately, the California court entered a tentative ruling that the California plaintiffs' claims related to misrepresentation in regards to intellectual property were not barred by the statute of limitations and would proceed, but that all other remaining claims were barred by the statute of limitations. More particularly, the California state court determined that the California plaintiffs had notice of their causes of action by August 11, 2009. As such, the claims, filed on August 30, 2013, were barred by California's four-year statute of limitations for claims arising from breach of contract.

Analysis

Williams and Parker seek summary judgment in their favor on the grounds that Muzlink's operating agreement designated California as the proper forum for any litigation against Muzlink. They also argue that 21st Century's claims against them are barred by the doctrine of res judicata because the California court has ruled that the California plaintiffs' breach of contract claims against them are barred by California's four-year statute of limitations. Neither argument warrants a grant of summary judgment.

Choice of Forum

This court has previously ruled that 21st Century is not bound by Muzlink's operating agreement to litigate its claims in California, when the argument was first raised by Muzlink in seeking dismissal of 21st Century's complaint:

> Muzlink also contends that 21st Century signed a choice of law clause requiring that any disputes be governed by California law. However, the document containing the alleged choice of law clause is a separate and distinct agreement from those upon which 21st Century's action is based. Furthermore, the document at issue is signed by Mr. Cohen in his individual capacity, rather than on behalf of 21st Century.

ECF. No. 12 at 5. For similar reasons, Williams and Parker have not shown that they, in their individual capacities, entered into an agreement with 21st Century that requires 21st Century to litigate its claims against them in California.

Res Judicata

Res judicata applies when there is (1) an identity of claim, (2) a final judgment on the merits, and (3) privity between the parties. *Tahoe-Sierra Pres. Council, Inc., v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir. 2003). Williams and Parker argue that the California court's determination that the California plaintiffs' breach of contract claims are barred by California's statute of limitations constitutes a "final judgment on the merits." The Supreme Court has stated that a dismissal on statute of limitations grounds is treated as a judgment on the merits. *Plaut v Spendthrift Farm, In.,* 514 U.S. 211, 228, 115 S.Ct 1447, 131 L.Ed 2d 328 (1995). The Supreme Court has also stated that, with regard to claim-preclusion issues, "the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods." *Semtek Int'l Inc. v. Lockheed Martin Corp*., 531 U.S. 497, 504, 121 S. Ct. 1021, 1026, 149 L. Ed. 2d 32 (2001).

Williams' and Parker's res judicata argument rests solely upon the assertion that the California court's decision that 21st Century's claims accrued on August 11, 2009, and thus its August 30, 2013, filing of its California action is barred by the statute of limitations is a ruling on the merits that this Court must apply. The argument fails, however, because the California court did not decide the merits of whether 21st Century's December 2009 filing of its claims in Nevada was barred by the statute of limitations. While 21st Century's claims against Williams and Parker may be identical to those filed in California, the issue decided by the California court on the "merits" was whether California's four-year statute of limitations barred 21st Century's California claims because those claims were filed in

5

California on August 30, 2013.  The California court did not address, much less rule on the merits of, the issue for which Williams and Parker seek to apply the bar of res judicata: whether 21st Century's December 2009 filing of its claims in Nevada are barred by California's four-year statutes of limitations.  As the California court did not decide that 21st Century's Nevada action is barred by the statute of limitations, the Court will not apply the doctrine of res judicata to dismiss 21st Century's Nevada action as barred by the statute of limitations.

Accordingly,

THE COURT **ORDERS** that Defendants Wayne Williams' and Phillip Bradley Parker's Motion for Summary Judgment (#106) is DENIED.

DATED this 21 day of September, 2017.

Lloyd D. George
United States District Judge